UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WALI WOODARD,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:14-cv-339

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

On October 7, 2014, *pro se* Plaintiff filed a complaint seeking judicial review from a final decision issued by the Commissioner of Social Security. Doc. 2. The Commissioner filed an answer and the certified administrative record on December 23, 2014. Docs. 5, 6. *Pro se* Plaintiff failed to file a Statement of Errors on or before the February 26, 2015 deadline, as required by the Sixth Amended Magistrate Judges' General Order No. 11. Consequently, on March 16, 2015, the Court ordered Plaintiff to show cause -- no later than April 6, 2015 -- as to why this case should not be dismissed for failure to prosecute. Doc. 7. To date, Plaintiff has failed to file either a response to the Court's Show Cause Order or a Statement of Errors.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** for failure to prosecute, and **TERMINATED** on the docket of this Court. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have the inherent power to *sua sponte* dismiss civil

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

actions for want of prosecution); *Walker v. Dallman*, No. 92-3817, 1993 WL 57381, at *1 (6th Cir. Mar. 4, 1993).

The Clerk is directed to serve this Report and Recommendation to Plaintiff by regular mail at the address listed on the docket.

Date:   April 23, 2015                             *s/ Michael J. Newman*
                                                          Michael J. Newman
                                                          United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).